# RETURN OF SERVICE

State of Florida     County of Broward     Circuit Court

Case Number: CACE-22-002163 (21)



OJF2022003174

Plaintiff:
**LUZ SANCHEZ**

vs.

Defendant:
**VICTORIA'S SECRET STORES, LLC**

For:
Michael Lewenz, Esq
ZEBERSKY PAYNE, LLP
110 Se 6th St
Suite 2900
Ft. Lauderdale, FL 33301

Received by OJF SERVICES, INC. on the 15th day of February, 2022 at 2:16 pm to be served on **VICTORIA'S SECRET STORES, LLC C/O CT CORPORATION SYSTEM, REGISTERED AGENT, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, ANDREW KARP, do hereby affirm that on the **16th day of February, 2022** at **12:45 pm**, I:

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS, COMPLAINT, FIRST REQUEST TO PRODUCE AND FIRST SET OF INTERROGATORIES** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH EMPLOYEE OF CT CORPORATION SYSTEM** at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** as **registered agent** for **VICTORIA'S SECRET STORES, LLC C/O CT CORPORATION SYSTEM, REGISTERED AGENT**, and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525. ELECTRONIC SIGNATURES ARE NOW PERMITTED PURSUANT TO FLORIDA STATUTE 48.21. NOTARY ARE NOT REQUIRED PURSUANT TO F.S. 92.525(2).

**ANDREW KARP**
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2022003174

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2g

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 02/17/2022 10:35:46 AM.****

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

LUZ SANCHEZ,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, LUZ SANCHEZ ("**Plaintiff**"), by and through the undersigned counsel, hereby sues Defendant, VICTORIA'S SECRET STORES, LLC ("**Defendant**" or "**Victoria's Secret**"), in support thereof alleges:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of attorney's fees, interest, and costs.

2. At all times material hereto, Plaintiff was, and is, a resident of Bogota Colombia and was otherwise *sui juris*.

3. At all times material hereto, Defendant was, and is, a Foreign Limited Liability Company with its principal place of business in Ohio, and was conducting business in Broward County, Florida.

4. At all times material hereto, Defendant owned and operated a Victoria's Secret retail store in Sawgrass Mills, a shopping mall located at 12801 W. Sunrise Blvd, Sunrise, Florida 33323 (the **"Premises"** or **"Store"**).

5. Venue is proper in Broward County, Florida because the incident from which this cause of action arises occurred in Broward County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Defendant invited the general public including Plaintiff, to enter the Premises and purchase items, undergarments, brassieres, and lingerie (the **"inventory"**), from Defendant.

7. On or about June 17, 2018, Plaintiff was lawfully on the Premises as a business invitee, shopping at Defendant's Store.

8. Defendant maintains and stores its inventory in dressers/chests throughout the Store. Invitees, such as Plaintiff, can browse Defendant's inventory contained in the drawers of the dressers/chests.

9. On or about June 17, 2018, the bottom drawer of a dresser/chest was left open. While browsing the Store, Plaintiff suddenly and without warning tripped on the open drawer and consequently sustained serious bodily injuries.

## COUNT I – NEGLIGENCE
*(Against Defendant, Victoria's Secret)*

Plaintiff re-adopts and re-alleges paragraphs 1 through 9 above, and further alleges:

10. Defendant had a duty to maintain the common areas of the Premises in a reasonably safe and proper condition for a class of persons, of which Plaintiff is a member.

11. Defendant had a duty to keep its Premises in reasonably safe conditions and to protect business invitees, such as Plaintiff from dangers of which Defendant has or should have greater knowledge and/or awareness of.

12. On or about June 17, 2018, Defendant, by and through its agents, servants, and/or employees, negligently maintained the Premises by allowing the drawer of a dresser/chest to

remain open (the **"dangerous condition"**).

13. Defendant had actual and/or constructive knowledge of the dangerous condition within its Store.

14. On or about June 17, 2018, Defendant, by and through its agents and/or employees, breached its duty to Plaintiff by committing the following acts and/or omissions:

   a. failing to maintain the Premises in a reasonably safe condition;

   b. failing to correct a dangerous condition that Defendant knew, or in the exercise of reasonable care should have known, created an unreasonable risk of harm to customers in the Store;

   c. creating a dangerous condition through its business activities;

   d. failing to correct a dangerous condition that occurred with regularity and was therefore foreseeable;

   e. failing to warn Plaintiff of said dangerous condition;

   f. failing to exercise due care with respect to the matters alleged in this complaint; and

   g. committing other acts of negligence to be determined in discovery.

15. As a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff was injured in and about her body and extremities, and/or aggravated a pre-existing injury or condition thereto; incurred pain, suffering and mental anguish, incurred various medical and related expenses in the treatment of the injuries; suffered physical handicap; incurred loss of capacity for the enjoyment of a normal life; sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of a bodily function; suffered loss of income and/or impairment of wage earning capacity, and Plaintiff shall suffer from such losses and

impairments in the future.

**WHEREFORE**, Plaintiff, LUZ SANCHEZ, demands judgment against Defendant VICTORIA'S SECRET STORES, LLC, for damages, interests and costs and any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, LUZ SANCHEZ, demands trial by jury of all issues triable as a right by a jury.

**Dated this 10th day of February 2022.**

        Respectfully submitted,

ZEBERSKY PAYNE SHAW LEWENZ, LLP
**Counsel for Plaintiff**
110 S.E. 6th Street, Suite 2900
Ft. Lauderdale, Florida 33301
Telephone:    (954) 989-6333
Facsimile:     (954) 989-7781
Primary Email:      mlewenz@zpllp.com;
                                   srusso@zpllp.com
Secondary Email:   iechevarria@zpllp.com

By:/s/ _____
    MICHAEL T. LEWENZ, ESQ
    Florida Bar No. 111604
    STEFFANI M. RUSSO, ESQ.
    Florida Bar No. 1002598